The ELECTRIC THEATER COMPANY,
a corporation, Plaintiff,

v.

TWENTIETH CENTURY–FOX FILM
CORPORATION, et al., Defendants.

No. 7674.

United States District Court
W. D. Missouri, W. D.

June 9, 1954.

See also D.C., 113 F.Supp. 937.

William G. Boatright, Kansas City, Mo., for plaintiff.

James C. Wilson (of Watson, Ess, Marshall & Enggas), Kansas City, Mo., for Loew's, Inc. and others.

RIDGE, District Judge.

If there is any single skein readily detected among the manifold propositions adjudicated by the decrees entered in United States v. Paramount, 334 U.S. 131, 68 S.Ct. 915, 92 L.Ed. 1260, it is that an exhibitor of motion pictures has no legal right to compel a motion picture distributor to give him a preferred run or clearance over any other theatres even though they be highly competitive; that such a distributor has the right to grant as between exhibitors in substantial competition a preferred run with reasonable clearance; or he may treat them alike and permit them to play day and date. If a distributor does so, then no legal rights resident with any exhibitor of motion pictures is thereby invaded.

Loew's Theatre & Realty Company, a wholly owned subsidiary of the original defendant Loew's, Incorporated, makes application to intervene as a party herein. It was developed at one of the pretrial conferences that three of the original defendants in this private Sherman Act, 15 U.S.C.A. §§ 1–7, 15 note, litigation have composed their difference with the plaintiff by way of a "covenant not to sue," in which, among other things, it was stipulated that the distributor-defendants, parties signatory thereto, agreed "that as to all feature pictures hereafter released or distributed by (them), (they) will offer such pictures for licensing for first-run exhibition in Kansas City, Kansas, on an availability

no later than the availability on which such pictures are licensed for first-run exhibition in Kansas City, Missouri, and Johnson County, Kansas, and will afford (plaintiff) an opportunity to negotiate for the licensing of such pictures on such availability * * * without requiring any bidding or competitive negotiations against theatres located in Kansas City, Missouri, or Johnson County, Kansas * * *."

Because of the integration of that agreement, applicant claims a right of intervention under Rule 24(a) (2), Fed. Rules Civ.Proc. 28 U.S.C.A. Tersely stated, such claim is premised on the following propositions. Ever since the Midland Theatre was opened to the public by applicant, over twenty-five years ago, it has been operated on an exclusive first-run basis with twenty-one days' clearance over theatres operating in Kansas City, Kansas. Applicant asserts that its Midland Theatre cannot be successfully operated if plaintiff, and other theatres in Kansas City, Kansas, are permitted to play day and date first-run with it * * *; that theatres in Kansas City, Kansas should not be permitted to do so because they are in active competition with plaintiff's theatre; that the Midland Theatre, on any picture it exhibits first-run in Kansas City, Missouri, is entitled to have an exclusive first-run with clearance over Kansas City, Kansas; that its "right to negotiate and contract for exclusive first-run in the Midland Theatre has been destroyed as to Twentieth Century-Fox and Universal Film Exchanges, Inc., by the plaintiff herein," because of the aforesaid provisions of the covenant not to sue; that its right to negotiate for "other first-runs of similar character with other distributors can be completely cut off if the plaintiff proceeds," as it apparently will, to enter into similar types of agreements as above with the remaining distributor-defendants herein.

By its intervention, applicant seeks a decree of this Court that "the agree-ments referred to above be declared illegal and void and violative of the antitrust laws of the United States of America"; that plaintiff and its attorneys be permanently and perpetually enjoined from entering into any further agreements of similar import with any other distributor of motion pictures in the Kansas City area.

Without undertaking any adjudication on the merits of the proposed intervention, it appears to us that applicant does not allege any matter that establishes an intervention of right existing in it. That is so patent from the brief foregoing summary of facts that it would seem, after thirty years of litigation of this character, to merely state the proposition would preclude any necessity of further comment to convince, particularly one who has been closely related to such litigation throughout the years. Likewise, that if any right is existent in applicant, as asserted in its intervention, which would possibly be concluded by any judgment herein, that it is adequately and sufficiently represented by its parent company Loew's, Incorporated, named as an original defendant in this action.

The original action was instituted by plaintiff, alleging the impact of the national conspiracy found to exist between the defendants, in violation of the Sherman Act and Clayton Act, by decree in United States v. Paramount, supra. Plaintiff's chief contention is that its business as an exhibitor of motion pictures was damaged because the parties to said conspiracy illegally agreed to refuse to negotiate with plaintiff, except as to second-run showing of motion pictures in its Kansas City, Kansas, theatre, when there was no substantial competition between plaintiff's theatre and those benefited by the conspiracy, particularly applicant's theatre, and other theatres located in Kansas City, Missouri. Thus it appears that one of the major issues presented in this action is the question whether or not substantial competition

in fact exists between motion picture theatres located in Kansas City, Missouri, and Kansas City, Kansas.

■ What the plaintiff and some of the distributor-defendants in this action apparently have concluded by the "covenant not to sue" is to resolve the above issues, and now recognize that under present-day conditions motion picture theatres in Kansas City, Missouri, and Kansas City, Kansas, are not in substantial competition with each other, and that henceforth theatres in the latter City will be treated with, on the same basis as those exhibiting motion pictures in the former City, i. e. on a day and date basis. What the parties thereby accomplished is patently legal action, within the ambit of United States v. Paramount, supra. In adjudicating the issues framed in the case at bar, the Court could, if it is established by competent evidence that substantial competition does not in fact exist between theatres located in the above-named cities, enter a decree of the tenor of the subject matter of such "covenant not to sue." Fortifying authorities are not necessary to sustain that proposition, One need only to examine the pleadings in the main action to have that matter disclosed.

■ Without further laboring the matter, it is sufficient to say that any legal right which applicant claims may be concluded in the present action, and which it asserts has been invaded by the "covenant not to sue," and which it seeks to protect by its intervention herein, appears to be non-existent. To say the most, it certainly is speculative and too contingent to sustain a claim of intervention as of right in this action. If it has any such legal right, it clearly appears that its interests are clearly adequately represented in the main action, so as to be fully protected by its parent company, Loew's, Incorporated. Under the circumstances, applicant has not maintained the burden of showing that

under Rule 24(a) (2) it may intervene as of right herein.

Other reasons occur to us why the instant application should not be allowed. What is above said is sufficient, we believe, to premise a denial of the instant application.

Loew's Theatre & Realty Corporation's application to intervene herein is denied.

It is so ordered.